In re FRIENDSHIP MEDICAL CENTER, LTD., Bankrupt.

James JONES and Rudolph Moragne, Plaintiffs,

v.

David TAYLOR, Trustee for the Estate of Friendship Medical Center, Ltd., Bankrupt, and the Illinois Department of Public Aid, Defendants.

Bankruptcy No. 77 B 5174.

United States Bankruptcy Court, N. D. Illinois, E. D.

March 26, 1980.

Richard L. Clayter, Chicago, Ill., for plaintiffs, Drs. Jones and Moragne.

Robert W. Biederman, Sp. Asst. Atty. Gen., Chicago, Ill., for defendant, Illinois Dept. of Public Aid.

Memorandum and Order

THOMAS W. JAMES, Bankruptcy Judge.

The court called the complaint of James Jones and Rudolph Moragne, plaintiffs, against the Illinois Department of Public Aid, defendant, for trial. The department had filed an answer objecting to the court's jurisdiction. The court commenced the trial on January 14, 1980. The plaintiffs appeared by Richard L. Clayter and the department by Robert W. Biederman, special assistant attorney general.

Biederman on January 14 stated to the court that the department's participation in the trial at that point in no way indicated a consent or waiver of any jurisdictional argument. The court called this a meaningless statement inferring that the department had consented to the trial. Of course, this court was in error for the department had made a timely objection in its answer and had not waived its objection to jurisdiction as provided in Bankruptcy Rule 915.

The question of jurisdiction again arose on the department's objections to the admission of certain exhibits offered by the plaintiffs. Whatever the reasons for the delay in broaching this question the court must now consider the question. Indeed it

is incumbent on a bankruptcy court to resolve the question of summary jurisdiction promptly. This court regrets the delay and the inconvenience to the parties the delay may have caused for this court is of the opinion that it does not have summary jurisdiction over the department and must sustain the department's objection to jurisdiction.

The court has read and considered the complaint, the answer, the department's memoranda in support of its jurisdictional objections and the plaintiffs' memorandum in opposition to the department's objection.

■ In its answer and memoranda the department asserts that the Eleventh Amendment to the United States Constitution prohibits the plaintiffs' claim in this court against the department, unless the state consents, and that this court lacks subject matter jurisdiction over the plaintiffs' claims against the department. The plaintiffs' complaint seeks funds allegedly in the department's possession and due plaintiffs as a result of their work at Friendship Medical Center, Ltd., the bankrupt; funds in the department's possession allegedly used to set off Friendship's indebtedness to the department; and funds owed to Jones and Moragne that were allegedly used by Friendship and never transferred to the doctors. David Taylor, the trustee and also a defendant, has not asserted any claim to the funds plaintiffs seek from the department. The trustee has neither actual nor constructive possession of the funds the department holds. Subject matter jurisdiction of this court extends to the property only in the actual or constructive possession of the trustee.

■ The department also objects on the ground that the Eleventh Amendment bars plaintiff's claims against Illinois because Illinois has not consented to be sued on this claim. Indeed, federal courts may not enter judgments to be paid out of public funds in the state treasury. *Edelman v. Jordan*, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974). Therefore, to the extent that the plaintiffs seek payment from the Illinois treasury, they have not stated a claim upon which this court can grant relief.

■ Moreover, there has been no express waiver of the department's Eleventh Amendment protection in this proceeding. The department has made timely objections to the jurisdiction of this court. It did not waive its constitutional objections by filing a proof of claim. The consent which results from filing a proof of claim is limited to that necessary for disposition of the claim; the plaintiffs' claims against the IDPA have nothing to do with the proof of claim against Friendship Medical Center.

The court concludes that the objection to the court's jurisdiction must be sustained and that the Illinois Department of Public Aid must be dismissed as a party defendant.

It is therefore ordered that the objection of the Illinois Department of Public Aid, defendant, to the court's jurisdiction is sustained and that complaint of James Jones and Rudolph Moragne, plaintiffs, against the Illinois Department of Public Aid, defendant, is dismissed without prejudice.